IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG BLAKE | § | |
| | § | |
| VS. | § | NO. 3:09-CV-2443-L |
| | § | NO. 3:09-CR-155-L |
| UNITED STATES OF AMERICA | § | |
| | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On June 30, 2009, Petitioner pled guilty to one count of possession of child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B). On September 21, 2009, the Court sentenced him to 60 months confinement and ten years supervised release. Petitioner voluntarily dismissed his direct appeal.

On December 23, 2009, Petitioner filed this § 2255 petition. He argues he received ineffective assistance of counsel when his counsel: (1) failed to show Petitioner the PSR or file objections to the PSR; (2) failed to present character evidence; (3) failed to present a

psychological report; (4) failed to argue that the images did not include children engaged in sexual activity; (5) failed to provide the Court with decisions from other jurisdictions rejecting the child pornography guidelines; (6) failed to file a motion for variance; (7) failed to investigate and explain Petitioner's dismissal from a previous job; and (8) failed to present evidence of Petitioner's strong family support and his employment in a responsible job.

The Court recommends that the petition be denied.

## II. Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1. **PSR**

Plaintiff claims his counsel never showed him the PSR and never discussed the PSR with him. He also states his counsel did not attend Petitioner's interview with the probation officer or discuss this interview with him.

The record contradicts Petitioner's claim. During the sentencing hearing, Petitioner told the Court he was provided sufficient time to read and discuss the PSR with his attorney. (Sent. Tr. at 5.) Additionally, Petitioner has not stated any constitutional prejudice that resulted from his counsel's failure to attend Petitioner's meeting with the probation officer.

Petitioner also argues his counsel was ineffective for failing to file objections to the PSR. He states the PSR improperly raised the offense level by one point because it alleged 1,012 images, rather than the "more than 300 but less than 600" images stated in the factual resume.

The PSR explains the discrepancy in the number of images. It states that the factual resume counted only the number of files on Petitioner's laptop, while the PSR counted the actual number of images. (PSR at 6.) Petitioner has failed to show there were in fact less than 1,012 images. He has therefore failed to establish his counsel was ineffective for failing to object on this basis.

2. **Character Evidence**

Petitioner states his counsel was ineffective for failing to present character evidence at the sentencing hearing. He states no witness were called to testify at the sentencing hearing, even though they were present in court and willing to testify. He also claims his counsel failed to obtain and submit character letters to the Court. He attaches letters from numerous people in support of his character.

The record shows that during the sentencing hearing defense counsel informed the Court that, "Mr. Blake's family is here to support him today. They have helped him. They have counseled with him." (Sent. Tr. at 8.) Defense counsel also stated that character witness Shane Tut was available to testify on Petitioner's behalf if the Court wanted to hear from him. (*Id.*) The PSR also stated that Petitioner's wife supported him and that she described Petitioner as "an awesome husband and father." (PSR at 10.) The Court was therefore informed that Petitioner had support from family and friends. Petitioner has failed to show his counsel was deficient and/or that he suffered the required prejudice when his counsel did not call witnesses at the sentencing hearing or submit character letters to the Court.

3. **Psychological Report**

Petitioner argues his counsel was ineffective for failing to present a psychological report to the Court. Petitioner states that as a condition of release, the United States Probation Office sent him to the Louisiana Department of Health and Hospitals for a psychological evaluation. On July 17, 2009, Dr. J. Lee Hite, a staff psychiatrist at the Mansfield Mental Health Clinic in Louisiana, conducted the evaluation. In his report, Dr. Hite stated, "I have no evidence of Pedophilia. I have no evidence the (sic) he is any way a threat to children or society in general." (Pet. Ex. C.) Petitioner argues his counsel should have submitted Dr. Hite's report to the Court.

Dr. Hite based his report on the statements made to him by Petitioner. Petitioner told Dr. Hite that he "is not attracted to young girls before puberty, before developing adult female characteristics." (Ex. C at 2.) Petitioner also told Dr. Hite that although there were younger girls in the images he was viewing, "this was an accidental mix of younger and older women." (*Id.*) Dr. Hite's report also states that Petitioner, "denies any attraction to children who are not yet

developing sexually, which would exclude a diagnosis of Pedophilia." (*Id*.)

Contrary to his assertions to Dr. Hite, Petitioner informed the FBI during an interview that "he liked to look at photographs of girls between the ages of 11 and 13." (PSR at 5.) Given this statement, Petitioner has failed to show a reasonable probability that had his counsel submitted Dr. Hite's report to the Court, the result of his sentencing hearing would have been different.

**4.     Nature of the Images**

Petitioner argues his counsel was ineffective for failing to explain the nature of the images to the Court. Petitioner states the images were of young teenage and preteen girls posing for pictures, and that the images did not show children engaged in sexual activity. Petitioner claims that if the Court been informed of the "mild" nature of the images, his sentence would have been significantly less harsh. (Pet. Mem. at 10.)

The record shows, however, that the Court was aware of the nature of the images. At sentencing, the prosecutor stated: "[T]he reason why [Petitioner] was not required to plead to receipt is to be fair to the Defendant, this wasn't the most grievous case the government has ever seen. The images were not of penetration of adults with minors, but simply of minors and that's why we agreed to allow this Defendant to plead to possession." (Sent. Tr. at 12.) Petitioner has failed to show his counsel was ineffective for failing to make arguments regarding the nature of the images.

**5.     Decisions from other Jurisdictions**

Petitioner argues his counsel was ineffective for failing to provide the Court with decisions from courts outside the Fifth Circuit which have criticized the harshness of the child

pornography guidelines. Petitioner, however, has failed to show his counsel was deficient for failing to cite non-binding cases from other jurisdictions, and/or that if had he submitted these cases to the Court, there is a reasonable likelihood the result of his sentencing would have been different.

**6.     Motion for Variance**

Petitioner argues his counsel was ineffective for failing to file a motion for variance from the Sentencing Guidelines. Although defense counsel did not file a written motion for variance, he did argue during the sentencing hearing that the Court should downwardly depart from the Guidelines. (Sent. Tr. at 8-10.) Defense counsel argued in favor of a twenty-four month sentence by citing Petitioner's cooperation with authorities, his family support, his lack of a prior criminal history, his high level of education and his willingness to enter treatment and be rehabilitated. (*Id.*) He also argued that there was no indication that Petitioner was predatory or that he was a risk to children. (*Id.*) Defense Counsel therefore did argue in favor of a downward variance. Petitioner's claim is without merit.

**7.     Prior Job Loss**

Petitioner argues his counsel was ineffective for failing to investigate and fully explain the circumstances of his dismissal from a prior job. The PSR stated that Petitioner informed the FBI that he was previously fired from TXU for having child pornography on his computer. (PSR at 5.) Petitioner argues his counsel should have informed the Court that this previous incident also involved images that did not depict sexual activity, but only posed pictures. He also states counsel should have informed the Court that he was not prosecuted for this incident "presumably because no illegal images were found." (Pet'r Mem. at 23.)

The Court, however, was aware that Petitioner was not prosecuted for this incident because the PSR stated he was not prosecuted. (PSR at 5.) Also, there was no argument by the government that this previous incident involved images of sexual activity. Additionally, it is unclear whether TXU reported this previous incident to the police. Petitioner has not shown that an investigation of this previous incident would have been helpful to the defense. He has failed to establish that his counsel was constitutionally ineffective.

**8.      Family Support**

Petitioner argues his counsel was ineffective because he failed to present evidence of his "strong family support as well as his employment in a responsible job." (Pet'r Mem. at 24.) As discussed above, however, defense counsel did present evidence regarding Petitioner's family support and employment opportunities. In arguing for a variance from the Sentencing Guidelines, defense counsel cited Petitioner's family support, his lack of a prior criminal history, his high level of education and his willingness to enter treatment and be rehabilitated. (Sent. Tr. at 8-10.) Petitioner's claim is without merit.

## RECOMMENDATION

The Court recommends that the petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 11th day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).