IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CRAIG BLAKE**, | § | |
| | § | |
| Movant/Defendant, | § | |
| v. | § | Civil Action No. **3:09-CV-2443-L** |
| | § | No. 3:09-CR-0155-L |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent/Plaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 23, 2009. The court referred the motion to vacate to United States Magistrate Judge Paul D. Stickney, and he filed the Findings, Conclusions and Recommendations of the United State Magistrate Judge (the "Report") on October 11, 2010. After considering the magistrate judge's finding and recommendation, the motion, briefs, record, and applicable law, the court **denies** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

Movant Craig Blake ("Blake" or "Movant") pleaded guilty to one count of possession of child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). Movant was sentenced to 60 months imprisonment. Although he filed a notice of appeal, it was dismissed upon his own motion on January 29, 2010. Blake filed this motion on December 23, 2009; he contends that he received ineffective assistance of counsel on several grounds.

The magistrate judge found that Movant's counsel did not provide ineffective assistance as to each of the eight grounds raised in the motion and recommends denying it. Blake timely filed objections to the Report. The court considers Movant's objections in turn.

**Memorandum Opinion and Order – Page 1**

Blake first objects to the magistrate judge's conclusion that his attorney was not ineffective with respect to the presentence report (the "PSR").  He contends that the court needs to hold a hearing to consider whether his counsel showed him the PSR and notes that his counsel did not attend the PSR interview with him.  Blake also argues that his counsel was ineffective by his failure to object to a discrepancy between the amount of images included in the PSR and in the factual resume.  The court **overrules** this objection.  First, Blake stated on the record in open court that he had sufficient time to read and discuss the PSR with his attorney.  These statements have a strong presumption of validity:  "Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceeding." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1988) (internal quotations omitted) (citation omitted).  Second, Blake concedes that his counsel's failure to attend the PSR interview is not a constitutional violation.  Finally, he does not address the language in the PSR that explains why additional images were included in the guidelines calculations.

Movant's second and eighth objections relate to the magistrate judge's finding that his counsel's failure to include character evidence or to present evidence of family and employer support was not ineffective assistance of counsel.  He contends that statements made by his counsel are not the same as the "substantial, important and persuasive evidence" that was not presented to the court.  Blake states that only the district court could know whether it would have had any effect on his sentence.  The court **overrules** this objection.  As the magistrate judge notes, both statements by counsel during the sentencing and the PSR reflect that Blake's family supported him.  Movant has failed to show that his counsel's failure to present the character letters caused him legal

prejudice or rendered his sentencing "fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Blake's third objection relates to the magistrate judge's determination that his counsel's failure to introduce a psychological report to the court at sentencing was not ineffective. He contends that the report contained mitigating evidence, including that there is no danger that he is a pedophile or a threat to children. In rejecting this argument, the magistrate judge noted that the report was based on self-reported information that contradicts statements Blake made to the FBI that he liked to look at photographs of girls between the ages of eleven and thirteen. The court **overrules** this objection. Movant has failed to show how his counsel's failure to introduce the report could have caused him any prejudice in light of his own inconsistent statements made to FBI agents.

Movant's fourth objection is to the magistrate judge's conclusion that his counsel was not ineffective due to his failure to explain the nature of the images. Blake contends that the images in his case were "very mild" and that this case among the "mildest, least egregious cases ever prosecuted." Obj. 5. He asserts that his counsel should have asked the court to review the images. Blake acknowledges statements by the government at sentencing, but he contends that the court was left with the impression that the images included minors engaging in sexual activity with other minors. The court **overrules** this objection. The government made statements on the record regarding the nature of the images, and the PSR stated that the images were "images of girls who appeared to be prepubescent or in early adolescence and primarily depicted the lewd and lascivious exhibition of their genital and public areas." PSR § 16. The court was therefore aware of the nature of the images, and any alleged omissions by Blake's counsel did not cause him legal prejudice.

**Memorandum Opinion and Order – Page 3**

Blake's next objection is to the magistrate judge's determination that his counsel's failure to bring attention to case law and commentary criticizing the United States Sentencing Guidelines with respect to child pornography was not ineffective assistance of counsel. Blake contends that court could consider what other courts and commentators have said about the relevant guidelines. The court **overrules** this objection. Movant points to no binding authority that would have changed the court's decision, and he therefore has not shown any legal prejudice to him on this basis.

Movant's sixth objection is to the finding that his counsel was not ineffective due to his failure to file a formal motion for variance. He contends that a few comments made at sentencing is not the same as filing a formal motion with arguments and authorities. The court **overrules** this objection because Blake's counsel did move for a variance at sentencing and asked the court to sentence him to twenty-four months in custody. Defendants do not always file a written motion for variance because they do not want the government to know in advance the precise nature of what they intend to request or the nature of their arguments. This court has imposed a nonguidelines sentence pursuant to a verbal motion. The strength of the motion depends on the record and consideration of the statutory factors set forth in 18 U.S.C. § 3553(a). Blake does not explain or argue what authority could have been presented in a formal motion or how a written motion would have cured the alleged prejudice to him. The court finds that he has not shown any legal prejudice with respect to the lack of a formal, written motion for variance.

Blake's seventh objection relates to the magistrate judge's finding that his counsel was not ineffective with respect to his prior job loss. Movant argues that, while he was dismissed from his job at TXU for having pornography on his computer, there were no pictures of children engaging in sexual activity on that computer. He contends that he was never prosecuted for this conduct and

that his counsel left the impression that there was a previous case for possession of child pornography against him. The court **overrules** this objection. The PSR makes clear that Blake was not prosecuted prior to this case for child pornography, and he admits that there were similar pictures on the TXU computer. The court determines that there was no legal prejudice to Blake on this basis.

The court has reviewed the magistrate judge's findings and conclusions, the record, and the applicable law, and determines that the findings and conclusions are correct. They are therefore **accepted** as those of the court. The court **denies** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 28th day of October, 2010.

Sam A. Lindsay
United States District Judge